IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| EPLUS TECHNOLOGY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:21CV000016 |
| | ) |
| INTERNATIONAL BUSINESS | ) |
| MACHINES CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

The plaintiff, ePlus Technology, inc. ("ePlus Technology"), by counsel, states the following as its complaint against the defendant, International Business Machines Corporation ("IBM"):

## Introduction

1. This is an action arising out of IBM's willful refusal to pay what it owes under five contracts for the purchase of software licenses between IBM and ePlus Technology.[1]

---

[1] ePlus Technology assigned the rights to payment and enforcement of each of these contracts to ePlus Group, inc. ("ePlus Group"), which subsequently assigned the rights to payment and enforcement of two of the five contracts to M.B. Financial Bank, predecessor in interest to Fifth Third Bank, N.A ("FTB"). ePlus Group and FTB have filed substantively identical consolidated actions against IBM in this Court. *See* 3:20-cv-33-GEC and 3:20-cv-35-GEC. In those actions, IBM has taken the position that ePlus Technology's assignments are void and that ePlus Group and FTB thus lack standing to prosecute their actions against IBM. Therefore, ePlus Technology is filing this action to toll the running of any limitations periods that may apply to its claims should IBM prevail on its argument that the assignments to ePlus Group and FTB are void.

## Parties

2. ePlus Technology is a corporation organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business located in Herndon, Virginia.

3. IBM is a corporation organized and existing under the laws of the State of New York, with its principal place of business located in Armonk, New York.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1), in that ePlus Technology is a citizen of Virginia, and IBM is a citizen of New York, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. IBM is subject to personal jurisdiction in this Court pursuant to Va. Code § 8.01-328.1(a)(1), because IBM transacted business in the Commonwealth of Virginia by entering into contracts with ePlus Technology, a Virginia corporation, for delivery of software and services in Virginia, which acts gave rise to the claims set forth herein.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial part of the events giving rise to the claims occurred in this District, to wit, in Culpeper, Virginia.

## Facts

### The Contracts

7. By Light Professional IT Services LLC ("By Light") was awarded a prime contract from the United States Department of Veteran Affairs (the "Government")

for provision of data management services for the Government in Culpeper, Virginia. As part of those services, By Light was obligated to the Government to provide certain software and services (the "Product") known as NetApp, comprising of storage solutions for managing data across hybrid cloud and on-premises data environments. The Product is sold by its developer and manufacturer, NetApp, through authorized resellers such as ePlus Technology.

8. By Light subcontracted provision of the Product to Verizon Sourcing LLC ("Verizon Sourcing"). Verizon Sourcing was subsequently acquired by IBM, which undertook Verizon Sourcing's rights and obligations under the subcontract with By Light; IBM also became the successor in interest to Verizon Sourcing's obligations to ePlus Technology, as set forth below. A Notice of Assignment between Verizon Sourcing and IBM is attached hereto as Exhibit 1.

9. Verizon Sourcing, and subsequently, IBM, in turn, subcontracted provision of the Product to ePlus Technology by way of Purchase Orders (the "IBM POs"), each consisting of a one-year base term with either three or four option years.

10. The Product was fundamental to By Light's performance of its contract with the Government, and was fundamental to Verizon Sourcing's and subsequently, IBM's performance of its contract with By Light.

11. IBM and Verizon Sourcing purchased the Product from ePlus Technology because ePlus Technology was among the few authorized resellers of NetApp products that had the ability to provide the financing arrangements described below, wherein ePlus Technology agreed to make the non-refundable up-

front payment for the Product to NetApp for the entire term of each IBM PO. In exchange, IBM and Verizon Sourcing agreed to bear the risk of the Government's non-renewal or termination of the prime contract with By Light for any reason other than non-appropriation of funding by the Government.

12. To memorialize the agreements between ePlus Technology and Verizon Sourcing and subsequently, IBM, ePlus Technology issued Quotations which set forth the terms and conditions of service that were then incorporated into each of the IBM POs.

13. Specifically, IBM PO No. 5005184543 and the corresponding ePlus Technology Quote 22187712 (together, "Contract 543") provided for a base year payment of $62,721.22, with two additional years of payments of $62,721.22 per year. Copies of IBM PO No. 5005184543 and ePlus Technology Quote 22187712 are attached hereto as Exhibits 2 and 3, respectively.

14. ePlus Technology paid the full amount charged by NetApp for the software licensed to IBM under Contract 543, and allocated the cost over the full term of the contract. None of this amount was refundable.

15. IBM PO No. 5005221519 and the corresponding ePlus Technology Quote 22220726 (together, "Contract 519") provided for a base year payment of $11,296.44, with two additional years of payments of $11,296.44 per year. Copies of IBM PO No. 5005221519 and ePlus Technology Quote 22220726 are attached hereto as Exhibits 4 and 5, respectively.

16. ePlus Technology paid the full amount charged by NetApp for the software licensed to IBM under Contract 519, and allocated the cost over the full term of the contract. None of this amount was refundable.

17. IBM PO No. 5005221538 and the corresponding ePlus Technology Quote 22214913 (together, "Contract 538") provided for a base year payment of $124,323.83, with two additional years of payments of $124,323.83 per year. Copies of IBM PO No. 5005221538 and ePlus Technology Quote 2214913 are attached hereto as Exhibits 6 and 7, respectively.

18. ePlus Technology paid the full amount charged by NetApp for the software licensed to IBM under Contract 538, and allocated the cost over the full term of the contract. None of this amount was refundable.

19. IBM PO No. 5005225311 and the corresponding ePlus Technology Quote 22209696 (together, "Contract 311") provided for a base year payment of $477,355, with three additional years of payments of $477,355 per year. Copies of IBM PO No. 5005225311 and ePlus Technology Quote 22209696 are attached hereto as Exhibits 8 and 9, respectively.

20. ePlus Technology paid the full amount charged by NetApp for the software licensed to IBM under Contract 311, and allocated the cost over the full term of the contract. None of this amount was refundable.

21. IBM PO 5005119250 and the corresponding ePlus Technology Quote 22065719 (together, "Contract 250") provided for a base year payment of $331,851.22, with three additional years of payments of $443,342.04 per year. Copies of IBM PO

No. 5005119250 and ePlus Technology Quote 22065719 are attached hereto as Exhibits 10 and 11, respectively.

22.     ePlus Technology paid the full amount charged by NetApp for the software licensed to IBM under Contract 250, and allocated the cost over the full term of the contract. None of this amount was refundable.

### Relevant Contractual Provisions and Obligations

23.     In Contract 543, Contract 519, Contract 538, Contract 311 and Contract 250 (together, the "Contracts"), IBM represented to ePlus Technology that the "software and services would be essential to the Government for the full term." (Ex. 2, at 9; Ex. 4, at 4; Ex. 6, at 5; Ex. 8, at 8; Ex. 10, at 9).

24.     Each of the ePlus Technology Quotes include the following provision:

> By placing an order with ePlus for Product or services you agree to comply with the Terms and Conditions for Purchasing Product and Services located at http://www.eplus.com/terms-and-conditions/Pages/Product-Services-Terms-and-Conditions.aspx (the "Order Terms"). Unless there is a separate written agreement signed on behalf of both you and ePlus by a duly authorized officer, the Order Terms shall be the only terms and conditions applicable to transactions between you and ePlus, and no additional or contrary terms referenced in a purchase order, document, or other electronic communication shall apply. In no event shall ePlus performance under a purchase order be deemed to constitute acceptance of any terms and conditions set forth therein.

(Ex. 3, at 3; Ex. 5, at 3; Ex. 7, at 3; Ex. 9, at 2; Ex. 11, at 3).

25.     Consistent with the parties' agreement, IBM included an order of precedence provision in the IBM POs, which provides:

6

> Any conflicts between any purchase order issued by IBM (and any term or contract referenced therein) and the terms of this ePlus Technology, Inc. Quotation … shall be governed by the terms of [the] ePlus Technology Quotation…

(Ex. 2, at 10, ¶ 5; Ex. 4, at 6, ¶ 5; Ex. 6, at 6, ¶ 5; Ex. 8, at 9, ¶ 5; Ex. 10, at 10, ¶ 5).

26. Each of the Contracts provides that it may only be terminated without further obligation for non-appropriation, i.e., if Congress failed to provide the appropriate funds. (Ex. 2, at 9-10, ¶ 3; Ex. 3, at 2, ¶ 2; Ex. 4, at 5, ¶ 3; Ex. 5, at 2, ¶3; Ex. 6, at 5, ¶ 3; Ex. 7, at 2, ¶ 3; Ex. 8, at 8-9; Ex. 9, at 2; Ex. 10, at 9-10; Ex. 11, at 2).

27. In recognition that ePlus Technology paid the full amount to NetApp for the software to be licensed for the full duration of each Contract, the Contracts also provide that in the event of termination for convenience or non-renewal, IBM would still be obligated to pay to ePlus Technology the remaining unpaid payments under the Contract, including option renewals. (*Id.*)

28. Specifically, each of the Contracts provides:

> IBM agrees not to replace the Product with functionally similar Product or to revert to use of any other Product to perform the functions performed by the Product during the total specified contract term, including option renewals after such termination or non-renewal and will return the software to the Contractor in accordance with this term sheet.
>
> \* \* \*
>
> IBM acknowledges and agrees that its obligation to pay the payments above and other sums payable hereunder shall be absolute and unconditional in all events, and shall not be subject to any abatement, reduction set-off, defense, counterclaim or recoupment due or alleged to be due by reason of any past, present or future claims against Contractor, the manufacturer, vendor, or maintainer of the Product, Contractor's assigns, or any person for any reason whatsoever. IBM will make the payments above for the

> Product unless the VA non renews the VA contract because the VA failed to receive appropriated funds for the function covered by the VA contract or the VA contract is terminated for convenience. Notwithstanding the foregoing, in the event the IBM order is non-renewed, terminated, or otherwise discontinued prior to the Software being fully implemented, installed and in use by the Government, such non-renewal, termination or discontinuance shall be subject to the Termination Charge pursuant to section 2 above.

(*Id.*)

29. Section 2 of Contract 543, Contract 519, Contract 538, and Contract 250 also provide:

> In the event the Government exercises its right to terminate for convenience the Termination Charge due shall be equal to the sum of the remaining unpaid payments for the remainder of the term, including option renewals. IBM shall show written proof of any such termination and shall be responsible to sponsor any claims ePlus would need to be made against the Government for settlement of the termination charges, and any follow on appeal or suit, provided that ePlus shall bear the cost and effort of such claim and any follow on appeal or suit pursuant to a sponsorship agreement to be agreed between the parties.

(Ex. 2, at 9-10, ¶ 3; Ex. 3, at 2, ¶ 2; Ex. 4, at 5, ¶ 3; Ex. 5, at 2, ¶3; Ex. 6, at 5, ¶ 3; Ex. 7, at 2, ¶ 3; Ex. 10, at 9-10; Ex. 11, at 2).

30. Section 2 of Contract 311 also provides:

> In the event the Government exercises its right to terminate for convenience or non-renewal the Termination Charge shall be equal to the sum of the remaining unpaid payments for the remainder of the term, including option renewals. IBM shall show written proof of any such termination for convenience or non-renewal.

(Ex. 8, at 8; Ex. 9, at 2).

**IBM's Breaches of Contract**

31.     ePlus Technology fully performed under each of the Contracts by purchasing, implementing, and installing the Product at the location designated by IBM in Culpeper, Virginia.

32.     Under Contract 543, IBM paid the base year payment, and the payment due for Option Year 1, but has failed and refused to pay the sum of $67,721.22 due on March 1, 2020 for Option Year 2.

33.     Under Contract 519, IBM has failed to satisfy the full amount due for the base year, which was due on or about June 1, 2018. Additionally, IBM has failed and refused to pay the sum of $11,296.44 due on June 1, 2020, for Option Year 2.

34.     Under Contract 538, IBM has failed and refused to pay an outstanding amount of $1,243.24 for the base year, which sum was due on or about June 1, 2018. Additionally, IBM has failed and refused to pay the sum of $124,323.83 due on June 1, 2019 for Option Year 1 and the sum of $124,323.83 due on June 1, 2020 for Option Year 2.

35.     IBM (and its predecessor in interest, Verizon Sourcing) paid the base year payment, and the payments due for Option Years 1 and 2, on Contract 311, but has failed and refused to pay the sum of $477,355.00 due on March 1, 2020, for Option Year 3.

36.     IBM paid the base year payment, and the payments due for Option Years 1 and 2, on Contract 250, but has failed and refused to pay the sum of $443,342.04 due on March 1, 2020, for Option Year 3.

37. To reflect its refusal to pay the payment due on the Contracts, IBM unilaterally zeroed out the amount owed on each IBM PO long after the parties entered into the Contracts and began performance, and inserted a date on which each IBM PO was purportedly closed. (*See* Exhibits. 2, 4, 6, 8 and 10.)[2] These modifications to the IBM POs were not agreed to by ePlus Technology.

38. Further, IBM notified ePlus Technology by email that it did not intend to renew its options under the Contracts but failed to provide the required written proof that the termination was due to non-appropriation of funds or termination for convenience by the Government. *See* email string attached hereto as Exhibit 12.

39. IBM has forwarded emails to ePlus Technology wherein By Light states that "the Department of Veteran Affairs does not intend to exercise any further options." A copy of the emails By Light sent to IBM are attached hereto as Exhibits 13 and 14. IBM explained it would not be exercising the option years because the Government is "in the midst of migrating to another provider with the expected completion date of 6/11/2019." *See* email dated June 6, 2019, attached hereto as Exhibit 15. This correspondence reveals that the Government's decision not to exercise the option renewals was not due to non-appropriation of funds or termination for convenience.

40. Upon information and belief, the Government decided not to renew provisions of its contract with By Light relating to the Product, and instead opted to use cloud technology to achieve the same function performed by the Product.

---

[2] The IBM POs attached as Exhibits 2, 4, 6, 8 and 10 are derived from IBM's "portal," which contains the IBM POs as modified by IBM to reflect its refusal to pay.

41. The Government's decision to use different technology to achieve the function previously performed by the Product amounts to non-renewal within the meaning of the Contracts and thus does not release IBM from its payment obligations under the Contracts. Alternatively, even if the Government terminated its contract with By Light for convenience, IBM is still obligated to pay the remaining unpaid payments, including option renewals.

42. ePlus Technology paid NetApp up front for the Product, and allocated the cost over the full terms of the Contracts. To facilitate this financing, ePlus Technology and IBM agreed to an allocation of risk: if the Government terminated its contract with IBM as a result of non-appropriation of funds, ePlus Technology would bear the risk of loss. Otherwise, IBM agreed to bear the risk of loss.

43. Although IBM has elected to discontinue its use of the Product, the costs and expenses of purchasing the Product for the duration of each contract has already been fully incurred by ePlus Technology. ePlus Technology is not able to recoup any of the cost or expense incurred by it on account of IBM's decision to discontinue use of the Product, which will remain available to IBM for the duration of the Contracts.

<u>Count 1</u>
**Breach of Contract 543**

44. The allegations contained in paragraphs 1 through 43 are incorporated herein as if fully set forth.

45. ePlus Technology has performed all of its obligations owed to IBM under Contract 543.

46. Because the Government's decision to use different technology to achieve the function previously performed by the Product amounts to a decision not to renew, under the terms of Contract 543, IBM is obligated to make the unpaid payments or termination charges set forth in Contract 543.

47. IBM has failed and refused to pay the remaining payment of $62,721.22 for Option Year 2, which sum was due on or about March 1, 2020, under Contract 543.

48. IBM's failure to perform under Contract 543, despite funds being appropriated by the Government and the Government's failure to terminate the contract with By Light for convenience, constitutes a breach of Contract 543.

49. As a result of IBM's breach of Contract 543, ePlus Technology has not received the remaining payment due under Contract 543 and has been damaged in the amount of $62,721.22.

## Count 2
**Breach of Contract – Contract 543 (Alternative Claim for Relief)**

50. The allegations contained in paragraphs 1 through 49 are incorporated herein as if fully set forth.

51. ePlus Technology has performed all of its obligations owed to IBM under Contract 543.

52. Because the Government terminated its contract with By Light for convenience, pursuant to the terms of Contract 543, IBM was obligated to pay to ePlus Technology a termination charge equal to the sum of the remaining unpaid payments for the remainder of the term, including option renewals.

53. IBM has refused to pay ePlus Technology a termination charge equal to the sum of the remaining payment of $62,721.22 under Contract 543.

54. IBM's refusal to perform under Contract 543 constitutes a breach of Contract 543.

55. As a result of IBM's breach of Contract 543, ePlus Technology has not received the termination charge due under Contract 543 and has been damaged in the amount of $62,721.22.

## Count 3
## Breach of Contract 519

56. The allegations contained in paragraphs 1 through 43 are incorporated herein as if fully set forth.

57. ePlus Technology has performed all of its obligations owed to IBM under Contract 519.

58. Because the Government's decision to use different technology to achieve the function previously performed by the Product amounts to a decision not to renew, under the terms of Contract 519, IBM is obligated to make the unpaid payments or termination charges set forth in Contract 519.

59. Despite demand therefor, IBM has failed and refused to pay the remaining payment of $11,296.44 for Option Year 2, which sum was due on or about June 1, 2020, under Contract 519.

60. IBM's failure to perform under Contract 519, despite funds being appropriated by the Government and the Government's failure to terminate the contract with By Light for convenience, constitutes a breach of Contract 519.

61. As a result of IBM's breach of Contract 519, ePlus Technology has not received the remaining payments due under Contract 519 and has been damaged in the amount of $11,296.44.

## Count 4
### Breach of Contract – Contract 519 (Alternative Claim for Relief)

62. The allegations contained in paragraphs 1 through 43 and 57 through 61 are incorporated herein as if fully set forth.

63. ePlus Technology has performed all of its obligations owed to IBM under Contract 519.

64. Because the Government terminated its contract with By Light for convenience, pursuant to the terms of Contract 519, IBM was obligated to pay to ePlus Technology a termination charge equal to the sum of the remaining unpaid payments for the remainder of the term, including option renewals.

65. IBM has refused to pay ePlus Technology a termination charge equal to the sum of the remaining payment of $11,296.44 under Contract 519.

66. IBM's refusal to perform under Contract 519 constitutes a breach of Contract 519.

67. As a result of IBM's breach of Contract 519, ePlus Technology has not received the termination charge due under Contract 519 and has been damaged in the amount of $11,296.44.

## Count 5
## Breach of Contract 538

68. The allegations contained in paragraphs 1 through 43 are incorporated herein as if fully set forth.

69. ePlus Technology has performed all of its obligations owed to IBM under Contract 538.

70. Because the Government's decision to use different technology to achieve the function previously performed by the Product amounts to a decision not to renew, under the terms of Contract 538, IBM is obligated to make the unpaid payments or termination charges set forth in Contract 538.

71. Despite demand therefor, IBM has failed and refused to pay $1,243.24 for the base year, which sum was due on or about June 1, 2018, under Contract 538.

72. IBM has also failed and refused to pay one remaining payment of $124,323.83 for Option Year 1, which sum was due on or about June 1, 2019 under Contract 538.

73. IBM has also failed and refused to pay one remaining payment of $124,323.83 for Option Year 2, which sum was due on or about June 1, 2020 under Contract 538.

74. IBM's failure to perform under Contract 538, despite funds being appropriated by the Government and the Government's failure to terminate the contract with By Light for convenience, constitutes a breach of Contract 538.

75. As a result of IBM's failures to pay the aforesaid amounts, ePlus Technology has not received payments due under Contract 538 and has been damaged in the amount of $249,890.90.

### Count 6
### Breach of Contract – Contract 538 (Alternative Claim for Relief)

76. The allegations contained in paragraphs 1 through 43 and 69 through 75 are incorporated herein as if fully set forth.

77. ePlus Technology has performed all of its obligations owed to IBM under Contract 538.

78. Because the Government terminated its contract with By Light for convenience, pursuant to the terms of Contract 538, IBM was obligated to pay to ePlus Technology a termination charge equal to the sum of the remaining unpaid payments for the remainder of the term, including option renewals.

79. IBM has refused to pay ePlus Technology a termination charge equal to the sum of the remaining payment of $249,890.90 under Contract 538.

80. IBM's refusal to perform under Contract 538 constitutes a breach of Contract 538.

81. As a result of IBM's breach of Contract 538, ePlus Technology has not received the termination charge due under Contract 538 and has been damaged in the amount of $249,890.90.

### Count 7
### Breach of Contract 311

82. The allegations contained in paragraphs 1 through 43 are incorporated herein as if fully set forth.

83. ePlus Technology has performed all of its obligations owed to IBM under Contract 311.

84. Because the Government's decision to use different technology to achieve the function previously performed by the Product amounts to a decision not to renew, under the terms of Contract 311, IBM is obligated to make the unpaid payments or termination charges set forth in Contract 311.

85. IBM has failed and refused to pay ePlus Technology the remaining payment of $477,355, which sum was due on or before March 1, 2020, under Contract 311.

86. IBM's refusal to perform under Contract 311, despite funds being appropriated by the Government and the Government's failure to terminate the contract with By Light for convenience, constitutes a breach of Contract 311.

87. As a result of IBM's breach of Contract 311, ePlus Technology has not received the remaining payment due under Contract 311 and has been damaged in the amount of $477,355.

<u>Count 8</u>
<b>Breach of Contract – Contract 311 (Alternative Claim for Relief)</b>

88. The allegations contained in paragraphs 1 through 43 and 83 through 87 are incorporated herein as if fully set forth.

89. ePlus Technology has performed all of its obligations owed to IBM under Contract 311.

90. Because the Government terminated its contract with By Light for convenience, pursuant to the terms of Contract 311, IBM was obligated to pay to

ePlus Technology a termination charge equal to the sum of the remaining unpaid payments for the remainder of the term, including option renewals.

91. IBM has refused to pay ePlus Technology a termination charge equal to the sum of the remaining payment of $477,355 under Contract 311.

92. IBM's refusal to perform under Contract 311 constitutes a breach of Contract 311.

93. As a result of IBM's breach of Contract 311, ePlus Technology has not received the termination charge due under Contract 311 and has been damaged in the amount of $477,355.

## Count 9
## Breach of Contract 250

94. The allegations contained in paragraphs 1 through 43 are incorporated herein as if fully set forth.

95. ePlus Technology has performed all of its obligations owed to IBM under Contract 250.

96. Because the Government's decision to use different technology to achieve the function previously performed by the Product amounts to a decision not to renew, under the terms of Contract 250, IBM is obligated to make the unpaid payments or termination charges set forth in Contract 250.

97. IBM has failed and refused to pay ePlus Technology the remaining payment of $433,342.04, which sum was due on or before March 1, 2020, under Contract 250.

98. IBM's refusal to perform under Contract 250, despite funds being appropriated by the Government and the Government's failure to terminate the contract with By Light for convenience, constitutes a breach of Contract 250.

99. As a result of IBM's breach of Contract 250, ePlus Technology has not received the remaining payment due under Contract 250 and has been damaged in the amount of $433,342.04.

## Count 10
**Breach of Contract – Contract 250 (Alternative Claim for Relief)**

100. The allegations contained in paragraphs 1 through 43 and 95 through 99 are incorporated herein as if fully set forth.

101. ePlus Technology has performed all of its obligations owed to IBM under Contract 250.

102. Because the Government terminated its contract with By Light for convenience, pursuant to the terms of Contract 250, IBM was obligated to pay to ePlus Technology a termination charge equal to the sum of the remaining unpaid payments for the remainder of the term, including option renewals.

103. IBM has refused to pay ePlus Technology a termination charge equal to the sum of the remaining payment of $433,342.04 under Contract 250.

104. IBM's refusal to perform under Contract 250 constitutes a breach of Contract 250.

105. As a result of IBM's breach of Contract 250, ePlus Technology has not received the termination charge due under Contract 250 and has been damaged in the amount of $433,342.04.

WHEREFORE, ePlus Technology requests that judgment be entered in its favor, and against IBM, in the principal amount of $1,234,605.60 plus prejudgment and post-judgment interest, costs, and such other and further relief as the Court deems just and proper.

Dated May 9, 2021.

/s/ Timothy B. Hyland
Timothy B. Hyland
Virginia Bar No. 31163
Counsel for ePlus Technology, inc.
HYLAND LAW PLLC
1818 Library Street, Suite 500
Reston, VA  20190
Tel: (703) 956-3566
Fax: (703) 935-0349
thyland@hylandpllc.com


/s/ Tyler Southwick
Tyler Southwick
Virginia Bar No. 91087
Counsel for ePlus Technology, inc.
HYLAND LAW PLLC
1818 Library Street, Suite 500
Reston, VA  20190
Tel: (703) 956-3566
Fax: (703) 935-0349
tsouthwick@hylandpllc.com